Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Sam Young *v.* Bethlehem Steel Corporation, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for appellant.

*Robert S. Glass*, with him *Glass and Glass*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE BLATT, February 25, 1976:

Bethlehem Steel Corporation (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to grant benefits to Sam N. Young (claimant). We likewise affirm.

The claimant was employed as a door machine operator, a job which required him to operate a machine which removed the doors on the batteries of the coke ovens at his employer's plant and which also required him to clean those doors by using a hammer and bar. On the morning of March 17, 1973, while in the course of his employment, the claimant began to experience pain in his right hip which caused him to limp. At the end of that shift he took a shower and, while doing so, noticed a lump on his right side. Upon notifying his foreman and a nurse and a doctor at the employer's dispensary, he was advised to consult his family doctor and to have his condition treated before returning to work. He later saw Dr. William T. Corey, who diagnosed his condition as a right inguinal hernia and who had him admitted to a hospital on March 24 for surgery. The surgery was performed and the claimant returned to work on May 28, 1973.

Both parties have correctly recognized that the question of whether or not the claimant has suffered a compensable injury under The Pennsylvania Workmen's Compensation Act[1] (Act) must be considered in light of the very significant substantive amendments to Subsection 301(c) of the Act, 77 P.S. §411, which became effective on May 1, 1972 and which apply in this case because the claimant's alleged injury here arose subsequent to that effective date. By virtue of these amendments the

---

1. Act of June 2, 1915, P. L. 736, *as amended*, 77 P. S. §1 et seq.

legislature has seen fit to eliminate the necessity that an injury occur by "accident" in order for it to be compensable, so that injuries sustained by employees after May 1, 1972 are compensable if (1) they arise in the course of employment and (2) are related thereto. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975) ; *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

The employer argues that, even under the new amendments, the claimant must attribute his injury to a definable incident. With this we cannot agree. So long as the claimant's injury arises in the course of employment and is related thereto, he need not pinpoint a specific event which precipitated his injury. An injury which develops over a course of time and results from a number of work activities in which the employee engages is compensable so long as the two conditions are satisfied.[2]

There can be no doubt that the claimant's injury here arose in the course of employment. The employer argues vigorously, however, that the claimant has failed to satisfy his burden of proving a causal connection between the injury and his job. It is well established that, where there is no obvious causal relationship between the employee's injury and the alleged accident, unequivocal medical testimony is necessary to establish such causal connection. *Czankner v. Sky Top Lodge, Inc.*, 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1973). And, in cases where the injury is not attributable to a specific incident, the causal relationship between the injury and the employment will seldom be obvious, thus requiring unequivocal medical testimony. Dr. Corey testified for the claimant here, how-

2. Even under the prior law requiring an "accident," there is no necessity that the claimant's injury be attributable to a single incident, see our Supreme Court's recent opinion in *Hinkle v. H. J. Heinz Company*,      Pa.      , 337 A.2d 907 (1975).

ever, and we believe that the following testimony of his on direct examination sufficiently established the causation:

"Q: Well, what then would your opinion—and we are asking only for an opinion if you have one—do you have an opinion as to where and when, if not how Mr. Young acquired this hernia?

"A: Well, I would have to presume, you know, with the type of work he's doing and that's about all it would be—a presumption—unless he does some other things, you know, outside of his work area that would favor herniation. I would presume that the type of work he is doing would lead to herniation if he stressed himself, considering his age and considering the fact that an inguinal hernia was involved.

\* \* \* \*

"Q: And the kind of work that he described to you that he did, would that induce that strain—the descent of that hernia?

"A: *In discussing it with him this morning, yes.* Prior to that I wouldn't know." (Emphasis added.)

No other possible explanations for the hernia were advanced. And, while we would certainly prefer the physician's testimony to be more clearly unequivocal, it was evidently convincing enough in this case to the referee, who heard all of the testimony, and to the Board as well, which affirmed the referee's findings. Both believed that Dr. Corey was convinced that the injury was caused by the claimant's activities at work.

We believe that the referee's decision to award benefits was sufficiently supported by the record in this case and that the Board properly affirmed. We, therefore, issue the following

ORDER

AND NOW, this 25th day of February, 1976, the order of the Workmen's Compensation Appeal Board awarding benefits to Sam N. Young is hereby affirmed.

The self-insured defendant, Bethlehem Steel Corporation, is hereby ordered and directed to pay to the claimant, Sam N. Young, the sum of $100.00 per week commencing March 18, 1973 to May 25, 1973, with credit to be allowed for the period of March 31, 1973 through May 26, 1973 when Bethlehem Steel Corporation paid to the claimant social insurance benefits at the rate of $93.00 per week for a period of 8-6/7 weeks in the total amount of $823.71. Interest shall be payable at the rate of 10% on deferred payments.

The self-insured defendant, Bethlehem Steel Corporation, is further ordered and directed to pay the following statutory medical and hospital expenses incurred:

Lee Hospital, Johnstown, Pa.—$645.68 (Blue Cross paid $634.80); W. T. Corey, M. D., Johnstown, Pa.— $200 (Paid by Blue Shield); W. T. Corey, M. D., Johnstown, Pa.—$25.00 (Paid by claimant); J. R. Quinn, Anesthesiology Associates, Johnstown, Pa.—$64.00 (Paid by Blue Shield); Thrift Drug (prescriptions)—$11.04 (Paid by claimant).