Friedman's Express Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ralph T. Throop, Respondents.

Argued February 5, 1979, before Judges Rogers, DiSalle and MacPhail, sitting as a panel of three.

*Kenneth DeMarco*, with him *S. Keene Mitchell, Jr.*, for petitioner.

*David Saba*, with him *Patrick E. Dougherty*, for respondent.

Opinion by Judge Rogers, March 6, 1979:

Ralph T. Throop was employed by Friedman's Express Company, a trucking company, as a dock helper, loading and unloading trailer trucks. In September 1973 he was injured while pushing pipe from a truck to his employer's loading dock. As a result of his injuries he underwent surgery on September 23, 1973 for the repair of a hernia of the right side. Mr. Throop returned to work with Friedman's Express in about the middle of November 1973 doing the same

work as he had before. His right side began to pain him and he was again operated on for right hernia on March 17, 1974. His surgeon was one Dr. Abrantes. Mr. Throop returned to his same job with Friedman's Express in about the middle of May 1974. He again experienced pain in his right side and was operated on to correct the right hernia for the third time on February 3, 1975. Dr. Abrantes was again the surgeon. After this operation he was sent to Geisinger Medical Center where he was examined by a Dr. Breen. He is totally disabled.

Mr. Throop filed a claim petition on March 3, 1975 asserting that he sustained his disabling right hernia by accident on September 4, 1973. The petition also averred the fact and dates of the three operations. Liberty Mutual Insurance Co. was named as Friedman's Express Company's insurance carrier. A referee conducted a pretrial conference at which it seems he learned that Liberty Mutual was Friedman's carrier until March 1, 1974 and that Allstate Insurance Company, the appellant here, was the carrier after that date. He notified Allstate to attend a hearing on August 19, 1975. In September Allstate's counsel notified the referee that his client would not enter the case because September 4, 1973, the day on which claimant alleged he was injured, was a date and time before Allstate was the insurer. The referee conducted three more hearings. On February 23, 1976 the referee wrote to Allstate's counsel telling him that Allstate would have to be represented at a pretrial conference on March 12, 1976 because Throop was injured on December 20, 1974, referring to the date disclosed in the hearings on which Throop consulted his doctor concerning his third hernia. After conducting another hearing, the referee filed his decision in which he found that Throop's work from May 1974 until the latter part of November 1974 caused his third right

hernia injury which was surgically repaired by the third operation of February 3, 1975; that Friedman's insurance carrier from May through November 1974 was Allstate; and that this third hernia was an injury separate from the two prior hernias. The referee ordered Friedman and Allstate to reimburse Throop for medical expenses and to pay compensation for total disability. The Workmen's Compensation Appeal Board affirmed the referee's decision.

On this further appeal, Allstate first contends that the referee capriciously disregarded competent evidence in the record tending to prove that Throop was not suffering from a hernia when he was laid off by Friedman in late November 1974. The evidence to which Allstate refers is the testimony of Friedman's personnel manager to the effect that Throop had made no complaint of a hernia on the day he was laid off, that he asked for driver training several weeks after he was laid off, and that he first mentioned hernia in a telephone call to the personnel manager in late December 1974. The referee clearly did not entirely disregard this evidence because he found that Throop's employment ended in late November 1974 as Friedman's personnel manager testified, rather than in late December 1974, as Throop said. What Allstate seems to say about Friedman's personnel manager's testimony is that it should have led the referee to infer that Throop did not suffer a hernia during the period of his last employment by Friedman's from May 1974 until November 1974. Mr. Throop testified:

> I went back and it was hurting and it just continued to hurt. I mean, I don't know when it come out. It just hurt and hurt and the lump started getting bigger in my side.

Certainly the referee's acceptance of Mr. Throop's testimony that he had a recurrence of pain and other

symptoms of a hernia during his last employment by Friedman in preference to drawing an inference from the personnel manager's testimony that Mr. Throop was not injured during that time, was not a capricious disregard of evidence.

The referee held, on the authority of *Workmen's Compensation Appeal Board and Sam Young v. Bethlehem Steel Corporation,* 23 Pa. Commonwealth Ct. 454, 352 A.2d 571 (1976), that by reason of 1972 amendments to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., Mr. Throop was not required to prove that a specific event—that is, an accident—precipitated his injury. Allstate's attempts to distinguish this case from *Workmen's Compensation Appeal Board v. Bethlehem Steel Corporation, supra,* are unavailing because they overlook the fact that two doctors, Dr. Abrantes and Dr. Breen, both of whom treated Mr. Throop for the third hernia, testified that each of Mr. Throop's hernias was a separate injury and that the third hernia was caused by his work activities for Friedman's after May 24, 1974, a time when Allstate had the coverage.

Order affirmed.

## ORDER

AND Now, this 6th day of March, 1979, the order of the Workmen's Compensation Appeal Board awarding benefits to Ralph T. Throop is affirmed. The defendant and/or its insurance carrier, Allstate Insurance Company, is ordered to pay compensation for total disability to claimant, Ralph T. Throop, at the rate of $106.00 per week commencing December 1, 1974 and continuing within the terms and limitations of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. All deferred payments of compensation shall bear interest at the

86

rate of ten percent (10%) per annum. The defendant and/or its insurance carrier, Allstate Insurance Company, shall reimburse the claimant for the following expenses: the Nesbitt Memorial Hospital, $726.25; Dr. F. Jorge Abrantes, $360.00; and the Geisinger Medical Center, $15.00.

The defendant and/or its insurance carrier, Allstate Insurance Company, shall pay counsel fees to Attorney Allan Ramsey in an amount equal to 20% of the total sum due from date of disability to date of decision.