509 A.2d 1361

William F. Pare, Petitioner *v.* Workmen's Compensation Appeal Board (Fred S. James & Co., Inc. of Pennsylvania), Respondents.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Juanita C. Griffing*, for petitioner.

*Charles E. Wasilefski*, with him, *Joseph C. Phillips*, *Peters & Wasilefski*, for Lancaster County Prison, respondent/employer.

*W. Jeffrey Sidebottom*, *Barley, Snyder, Cooper & Barber*, for Lancaster County Prison, by its insurance carrier.

OPINION BY JUDGE COLINS, May 23, 1986:

William F. Pare (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision awarding claimant benefits for specific loss of hearing due to claimant's work environment at Lancaster County Prison. The Board determined that claimant had not met his burden of showing a connection between his hearing loss and his employment. We disagree and find that the Board exceeded its scope of review in this case.

The Board's scope of review is limited to a determination of whether an error of law has been committed or whether a necessary finding of fact of the referee was unsupported by substantial evidence. *Rowan v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981). To establish a specific loss of hearing, claimant must demonstrate that he has suffered a complete loss of hearing for all practical intents and purposes. *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1976); *Babcock & Wilcox and Insurance Co. of North America v. Workmen's Compensation Appeal Board (Marshall)*, 97 Pa. Commonwealth Ct. 45, 508 A.2d

1303 (1986). This loss can be caused by one outburst or by protracted exposure to noise. *See Hinkle v. H. J. Heinz Company,* 462 Pa. 111, 337 A.2d 907 (1975).

Evidence before the referee included claimant's testimony that he was required by the Lancaster County Prison to become proficient in the use of firearms and he, therefore, attended weekly firing practice sessions which lasted three to five hours. He further testified that there was loud slamming of metal doors around his office. Soon after his exposure to these conditions, claimant stated, he heard loud ringing in both ears and had trouble hearing which became progressively worse and he ultimately required the use of a hearing aid. Claimant is alleging cumulative trauma and a total loss of hearing as of April 2, 1981, when his treating physician advised him of his substantial hearing loss.

Several witnesses testified about the high noise level at the prison. Reverend Eugene Strebel, prison chaplain, testified that the prison is constantly noisy. These noises, the chaplain further testifed, emanate from the electrified doors which sound like a rifle shot when opened and closed, and from the public address system which plays loudly all day long.

June Szabo, a registered nurse performing studies at the prison, testified that the noise level was so loud that when she left the prison confines, her head would be ringing. She further testifed that she had to have the music turned off or stuff a rag into the paging system when she went into certain areas because both were so loud. This witness also stated that the doors sounded like shots being fired which were so loud that the noise made patients jump.

Audiograms were provided by an audiologist, Mr. McCollom, who also testified before the referee. Mr. McCollom stated that claimant's hearing loss was per-

manent and complete and that the loss is the type that is caused externally by acoustic trauma. The referee relied on this testimony in finding that claimant had suffered a specific loss of hearing.

Although the referee erred in stating that the testimony of the audiologist, who was not a medical doctor, was sufficient to support a finding of hearing loss directly related to employment, we nevertheless must reinstate his decision. It has long been the rule that if the referee makes a correct decision but assigns an erroneous reason for his action, an appellate court will affirm the decision where the correct basis for the decision is clear upon the record. *See Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).

In the instant case, claimant's treating physician, Dr. Arrow, testified that claimant suffered a complete loss of hearing in both ears. He further stated that the etiology of claimant's hearing loss was acoustic trauma over a period of time, and that no hereditary predisposition was indicated from his examination of claimant, claimant's audiograms or medical records. Dr. Arrow further stated that he agreed with Mr. McCollom's July 29, 1981, findings.

Thus, we conclude that Dr. Arrow's testimony, found credible by the referee, was sufficient to have supported a finding that protracted exposure to the noise at the prison caused claimant's injury. In fact, this Court has held that attending physicians are preferred as witnesses in workmen's compensation cases, *Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975).

Dr. Arrow's testimony along with the testimony of the previously mentioned witnesses adequately supports claimant's loss claim. Our review of the lengthy record indicates support for the referee's conclusion that

the loss occurred on April 2, 1981. Where the Board takes no additional evidence, the referee is the ultimate factfinder and his factual determinations must be accepted when supported by substantial competent evidence. *Rowan.*

The order of the Board is reversed.

## ORDER

AND NOW, this 23rd day of May, 1986, the order of the Workmen's Compensation Appeal Board, No. A-87599, dated July 2, 1985, is reversed.

## AMENDED ORDER

AND NOW, in response to Petitioner's *Application for Clarification,* the following amended order is entered pursuant to Pa. R.A.P. No. 1561:

AND NOW, this 25th day of June, 1986, the order of the Workmen's Compensation Appeal Board, No. A-87599, dated July 2, 1985, is reversed. The matter is remanded to the Workmen's Compensation Appeal Board with directions that compensation benefits be calculated using the sum of Four Hundred Twenty-eight Dollars, Fifty Cents ($428.50) as the average weekly wage of petitioner as of April 2, 1981.

The Board is further directed to remand the matter to a referee to determine what medical payments, if any, the employer shall become liable for and what reimbursement, if any, is due petitioner.

Jurisdiction relinquished.