626 A.2d 1144

**Abraham E. FOTTA, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (U.S. STEEL/USX CORPORATION MAPLE CREEK MINE), Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1993.

Decided June 1, 1993.

Reargument Denied Aug. 23, 1993.

192

Charles G. Gentile, Uniontown, for appellant.

James A. Mazzotta, Roy F. Walters, Jr., Fried, Kane, Walters & Zuschlag, Pittsburgh, for U.S. Steel.

Valerie S. Faeth, Pittsburgh, for USX Corp.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Justice.

The Appellant in this case is appealing the denial of his workmen's compensation benefits. His claim was rejected by a referee who found that his disability was not attributable to an accident he had at work. That decision was affirmed by the Workmen's Compensation Appeal Board and by the majority of a divided panel of the Commonwealth Court. However, since the record does not support the referee's finding, we are constrained to reverse the judgment below.

The Appellant, Abraham Fotta, was employed by the U.S. Steel/USX Corporation at Maple Creek Mine for eight years. On July 23, 1984, while working in the mine as a supply motorman, Fotta slipped from a machine he was riding and fell approximately two feet to the ground. He later filed a claim for benefits under the Pennsylvania Workmen's Compensation Act.[1] In that claim, he alleged that he injured his right ankle and foot.

Fotta's claim was reviewed twice, and on each occasion he was denied benefits. On the first occasion, the referee dismissed the claim after finding that Fotta's disability was not due to a work-related injury, but instead to a pre-existing tumor, technically referred to as pigmented villonodular synovitis. The Workmen's Compensation Appeal Board ("Board") affirmed that decision, but permitted Fotta to resubmit his claim so that the referee could consider new material in the form of medical reports from his treating physician, Mark A. Goodman, M.D. Fotta subsequently filed the appropriate petition and was granted a new hearing.

1. Act of June 2, 1915, P.L. 736 (codified as amended at 77 P.S. §§ 1–1031).

At the second hearing, Fotta testified and offered two medical reports from Dr. Goodman. Two reports from a second physician, William J. Mitchell, M.D., were also submitted; Fotta offered one, while his employer offered the other. The referee cited this latter report as the basis for her decision to deny benefits.

After this second dismissal, Fotta appealed to the Board, which again affirmed the referee's decision and noted that the referee's findings were based upon substantial and competent evidence. On appeal, a divided panel of the Commonwealth Court affirmed the Board's decision. The majority reasoned that the referee was faced with conflicting medical evidence and committed no error by relying on Dr. Mitchell's opinion instead of Dr. Goodman's to conclude that Fotta's injury was not caused, aggravated or accelerated by the accident at work.

The dissenting member of the panel took issue with this view. He concluded that the referee misconstrued the record which, in fact, contained uncontroverted evidence that the accident at work contributed to Fotta's disability. For that reason the dissenting member would have reversed the Board's Order. Fotta appealed to this Court, and we granted allocatur. 527 Pa. 637, 592 A.2d 1304 (1991).

 The claimant in a workmen's compensation case has the burden of proving the causal connection between his alleged disability and the injury he sustained at work. *Lewis v. W.C.A.B. (Pittsburgh Bd. of Educ.)*, 508 Pa. 360, 365, 498 A.2d 800, 802 (1985). That burden is satisfied if he proves his alleged disability either "results from the injury or is aggravated, reactivated or accelerated by the injury...." 77 P.S. § 411(1) (defining compensable injury). In the event there is no obvious causal connection between the alleged disability and the accident, the claimant can only establish the requisite connection by unequivocal medical testimony.

> Where medical testimony is necessary to establish a causal connection, the medical witness must testify, not that the injury or condition might have or possibly came from the assigned cause, but that in his professional opinion the

result in question did come from the assigned cause. Medical evidence which is less than positive or which is based upon possibilities may not constitute legally competent evidence for the purpose of establishing the causal relationship. *Lewis*, 508 Pa. at 365–66, 498 A.2d at 802 (citations omitted).

In this instance, there is no obvious causal connection between Fotta's injured ankle and the fall he suffered at work. Prior to the accident, Fotta was experiencing ankle problems related to pigmented villonodular synovitis. Therefore he could only prevail if he provided unequivocal medical testimony establishing that his disability either resulted from the fall or that his pre-existing condition was aggravated by the fall.

■ When presented with a workmen's compensation appeal, we review the referee's conclusions while ascertaining that the facts found by the referee are supported by substantial evidence. *Id.* at 366, 498 A.2d at 803. Instantly, Fotta challenges the referee's legal conclusion that he is not entitled to benefits by attacking the finding of fact that his disability is "not the result of, caused by or related to the alleged work incident...." The referee cited a March 13, 1987 report prepared by Dr. Mitchell as the basis for this finding. However, the referee misconstrued the report upon which he relied.

■ Contrary to what the referee found, Dr. Mitchell's March 13, 1987 report unequivocally states that Fotta's fall partially accounted for his disability.

It is very difficult to determine how much the pigmented villonodular synovitis retarded that course of healing and how much it still contributes to lack of complete healing. I think it is only possible to say at this time that the patient still remains totally disabled, and in my opinion the majority of his disability is due to the pigmented villonodular synovitis but *the alleged traumatic ankle injury also is contributing to his incomplete recovery.* I don't think it is possible to separate the problems much more than that with any degree of reliability.

Letter from Dr. Mitchell to Atty. Robert Jones 3 (Mar. 13, 1987) (emphasis added). Our review does not end with an

examination of this report. We must consider Dr. Mitchell's testimony as a whole, and a final decision should not rest upon a few words taken out of context. *Lewis*, 508 Pa. at 366, 498 A.2d at 803.

■ Our assessment of Dr. Mitchell's entire testimony discloses that he never retreated from the view that Fotta's fall impeded his recovery from pigmented villonodular synovitis. The record includes a report dated January 4, 1985, from Dr. Mitchell. The referee did not consider it, but the Board properly determined that she should have. While this report equivocated on whether the pigmented villonodular synovitis itself was aggravated by the fall, it did not discuss, nor did it rule out, other adverse effects that Fotta's fall might have produced. Therefore, Dr. Mitchell was both consistent and unequivocal in his opinion that Fotta's disability was partly attributable to his fall.[2]

Significantly, Dr. Mitchell's testimony agrees with that of Dr. Goodman, who unequivocally stated that Fotta's fall partially accounted for his disability. In his report dated November 21, 1985, Dr. Goodman attributed Fotta's problem to a combination of the pigmented villonodular synovitis and the work-related injury: "part of the instability in your ankle is directly related to the trauma sustained in this fall." Dr. Goodman reiterated this conclusion in his report dated November 18, 1987: "I think this [gap between the anterior tibia and fibula] accounts for the recurrent instability of his ankle more so than the pigmented villonodular synovitis."

■ Thus, our review of the record reveals that both experts offered consistent and unequivocal testimony that Fotta's disability was partly attributable to his fall. In addition, we find nothing in the record to indicate otherwise. There-

2. In addition to the two reports already examined, Fotta seeks our consideration of a revised medical report dated November 27, 1990, from Dr. Mitchell. The Board urges us not to consider it and has filed the appropriate application to strike. We initially reserved judgement on that application. Today we grant it because the report is not a part of the record, and our review is limited to the evidence contained in the record. Humphrey v. W.C.A.B. (Super Market Service), 100 Pa. Commw. 33, 42, 514 A.2d 246, 251 (1986).

fore, the referee's finding is not supported by substantial evidence, and it was error for her to conclude that Fotta was not entitled to workmen's compensation benefits.

Accordingly, we reverse the Order of the Commonwealth Court and remand to the Workmen's Compensation Appeal Board to enter an Order consistent with this opinion.

ZAPPALA, J., concurs in the result.