**Robert LYNCH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TELEDYNE VASCO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 1995.

Decided Feb. 10, 1995.

George M. Lynch, for petitioner.

Mary J. McCrory, for respondent.

---

Before McGINLEY, NEWMAN, JJ., and LORD, Senior Judge.

NEWMAN, Judge.

Robert Lynch (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which reversed a referee's decision granting him specific loss benefits under Section 306(c)(8) of The Pennsylvania Workers' Compensation Act (Act)[1] for the loss of hearing in his left ear.[2] We affirm.

Claimant worked for Teledyne Vasco (Employer) for over forty years in various capacities, some of which required him to operate machinery. During the course of his employment, Claimant was frequently exposed to loud noise.

On November 1, 1991, Claimant filed a claim petition, alleging that he suffered a complete loss of hearing in his left ear as the result of occupational noise exposure. Employer filed an answer, denying the material allegations of Claimant's petition.

The referee subsequently held hearings at which Claimant testified and presented the deposition testimony of his wife, children and a mechanical engineering consultant, who specializes in acoustics, vibrations and noise. Claimant also presented the deposition testimony and reports of his audiologist, Paul R. Plucker, M.S. Claimant did not offer the testimony or reports of a physician. In opposition, Employer presented deposition testimony of Roy E. Kerry, M.D., an otolaryngologist, and that of John P. Balko, M.A., an audiologist.

Upon consideration of the evidence presented, the referee found the testimony of Claimant and his family to be credible regarding the hearing difficulties that he faces in everyday life. The referee also found credible Claimant's medical evidence that he suffered a complete loss of hearing in his left

ear for all practical intents and purposes, and the hearing loss was the result of occupational noise exposure. The referee, however, rejected as not being credible the testimony of Employer's medical witnesses. The referee rejected this testimony because the test and examinations, upon which Dr. Kerry and Mr. Balko relied in rendering their opinions, preceded by sixteen and twenty-one months Claimant's claim for hearing loss in his left ear.

As such, the referee concluded that Claimant sustained his burden of proving a compensable hearing loss in his left ear and granted his petition. The referee further ordered Employer to pay, *inter alia*, Claimant's bill of costs and interest under Section 406.1 of the Act, 77 P.S. § 717.1.

Employer appealed to the Board, which concluded that although Claimant offered the testimony and reports of his audiologist, Mr. Plucker, he failed to present any medical expert testimony or evidence relating to the extent or cause of his hearing loss. Citing *Pare v. Workmen's Compensation Appeal Board (Fred S. James & Co., Inc.)*, 97 Pa.Commonwealth Ct. 435, 509 A.2d 1361 (1986), *petition for allowance of appeal denied*, 514 Pa. 622, 521 A.2d 935 (1987), the Board held that the testimony of an audiologist, standing alone, is insufficient to establish a compensable hearing loss. Accordingly, the Board reversed the referee's award. Claimant appealed to this court.

On appeal, the sole issue before us is whether the testimony of an audiologist alone qualifies as expert medical evidence.[3] We note that although Claimant raises additional issues in his brief, he waived these issues by failing to include them in his petition for review. Pa.R.A.P. 1513(a). *Chene v. Workmen's Compensation Appeal Board (Giant Eagle, Inc.)*, 159 Pa.Commonwealth Ct. 229, 632 A.2d 1058 (1993).

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8).

2. In a prior claim petition proceeding, a referee granted Claimant specific loss benefits for the loss of hearing in his right ear. The Board, by order dated January 26, 1993, affirmed the award.

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd,* 531 Pa. 287, 612 A.2d 434 (1992).

Regarding the only issue that he preserved, Claimant argues that this court's decision in *Pare* does not constitute authority for the Board's conclusion that the testimony of an audiologist, standing alone, is insufficient to establish a compensable hearing loss. We disagree.

In *Pare*, the issue presented was whether the claimant suffered a specific loss of hearing. The referee, relying upon the testimony of the claimant's audiologist, granted benefits. On appeal, the Board reversed, holding that the claimant had not met his burden of showing a correlation between his hearing loss and his employment. The claimant then appealed to this court, which reversed the Board's order. In rendering its decision, our court stated in relevant part,

> Although *the referee erred in stating that the testimony of the audiologist, who was not a medical doctor, was sufficient to support a finding of hearing loss directly related to employment,* we nevertheless must reinstate his decision.

*Pare*, 97 Pa.Commonwealth Ct. at 438, 509 A.2d at 1363 (emphasis added).

Our court was constrained to uphold the referee's award of benefits because although the referee had relied upon the audiologist's testimony, the claimant's treating physician similarly testified that the claimant suffered a complete loss of hearing in both ears and said hearing loss was work-related. We, thus, followed the long standing rule that if a referee makes a correct decision but assigns an erroneous result for his action, an appellate court will affirm the decision where the correct basis for the decision is clear on the record. Accordingly, we reinstated the decision of the referee.

Contrary to Claimant's assertions, we do not believe that the above-quoted statement by the court was a "throwaway remark," which Claimant explains as "a statement not essential to the exact holding in the case." Claimant's brief at 1. This statement was at the very center of the court's holding. Therefore, we must reject Claimant's argument in this regard.

Second, Claimant relies on our court's decision in *Hill v. Workmen's Compensation Appeal Board (Latrobe Steel Corp.)*, 117 Pa.Commonwealth Ct. 251, 543 A.2d 232 (1988), *petition for allowance of appeal denied*, 522 Pa. 598, 562 A.2d 322 (1989). In *Hill*, we held that the testimony of an audiologist supported the referee's finding that the claimant suffered a compensable hearing loss. However, the qualifications of the claimant's witness in *Hill* were not challenged, and therefore, that issue was not before this court.[4]

In addition, Claimant cites *Russell v. Workmen's Compensation Appeal Board (Cooper Bessemer)*, 162 Pa.Commonwealth Ct. 97, 638 A.2d 373 (1994). Our review of this case, however, reveals that it offers no support for Claimant's assertion that an audiologist qualifies as a medical expert. In *Russell*, we held that an otolaryngologist's opinion based on clinical tests, without regard to whether the claimant could function in social and familial situations, was insufficient to support the referee's finding that the claimant had not suffered a compensable hearing loss. Therefore, Claimant's argument must again fail.

In rendering our decision, however, we do not wish to minimize in any way the audiologists' vital role in the area of hearing science. We note that audiologists are professionals trained in the identification and measurement of hearing function loss and are also involved in the rehabilitation of persons with hearing impairments. Many possess Master's degrees and are licensed by the State. Moreover, most audiologists hold certificates of clinical competence from the American Speech, Language and Hearing Association and are active members in professional organizations.[5]

---

4. The issue before the court was whether the audiologist's testimony, which did not include the magic words "complete loss of hearing for all practical intents and purposes," could support a finding of a Section 306(c)(8) loss of hearing. We held that it is not mandatory for a medical expert to proffer these magical words.

5. It also should be noted that there is a distinction between audiologists and audiometric technicians. Technicians usually are trained only in the use of the audiometer in testing hearing acuity.

Ideally, both an otolaryngologist and an audiologist should testify in a workers' compensation proceeding since it is the audiologist who administers the hearing tests and has first hand knowledge of the testing conditions. It is also necessary for an otolaryngologist to examine the claimant and determine whether his or her clinical findings are consistent with the audiologist's test results.

Nonetheless, we find this court's decision in *Pare* to be controlling in this matter, and we further find Claimant's arguments to be completely lacking in merit. Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, February 10, 1995, we affirm the order of the Workmen's Compensation Appeal Board, dated July 27, 1994.