680 A.2d 847

**Robert LYNCH, Appellant,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (TELEDYNE VASCO), Appellee.**

Supreme Court of Pennsylvania.

Submitted March 4, 1996.

Decided July 31, 1996.

---

**3.** The appellees have provided notice that, in light of *Smiley,* they do not oppose summary reversals.

George M. Lynch, Latrobe, for appellant.

Mary J. McCrory, Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Robert Lynch, appeals from the Order of the Commonwealth Court, which affirmed the Order entered by

the Workmen's Compensation Appeal Board ("Board"). The Board reversed the referee's decision which awarded Appellant specific loss benefits under 77 P.S. § 513(8) of the Pennsylvania Workers' Compensation Act[1] for the loss of hearing in his left ear. We granted allocatur to address the question of whether an audiologist's testimony and reports constitute medical testimony sufficient to establish a compensable injury. For the reasons that follow, we affirm the Order of the Commonwealth Court.

Appellant was employed by Teledyne Vasco ("Teledyne") for over forty years in various capacities, some of which required him to operate machinery. During the course of his employment, Appellant was frequently exposed to loud noises.

On November 1, 1991, Appellant filed a claim petition alleging that he suffered a complete loss of hearing in his left ear as a result of occupational noise exposure.[2] Teledyne filed an answer denying the material allegations contained in Appellant's petition. The referee conducted hearings at which Appellant testified and presented the deposition testimony of his wife and children, and a mechanical engineering consultant who specializes in acoustics, vibrations and noise. Appellant also presented the deposition testimony and reports of his audiologist, Paul R. Plucker, M.S. Appellant, however, did not offer the testimony or reports of a physician. In an effort to refute Appellant's claim, Teledyne presented the deposition testimony of Roy E. Kerry, M.D., an otolaryngologist, and John P. Balko, M.A., an audiologist.

After all of the evidence was presented, the referee found credible the testimony of Appellant and his family regarding the hearing difficulties that he faces in everyday life. Referee's Finding of Fact No. 9E. The referee also found credible Appellant's medical evidence that he suffered a complete loss

1. Act of June 2, 1915, P.L. 736, § 306(c); as amended 77 P.S. §§ 1–1522.

2. Appellant had previously filed a claim petition alleging that he suffered a complete loss of hearing in his right ear as a result of occupational noise exposure. A referee granted Appellant specific loss benefits for the loss of hearing in his right ear, and the Board, by Order dated January 26, 1993, affirmed the award.

of hearing in his left ear for all practical intents and purposes, and that the hearing loss was the result of occupational noise. Referee's Finding of Fact No. 9C. The referee found that the testimony of Teledyne's medical witnesses was not credible because the test and examinations they relied upon in rendering their opinions were conducted sixteen and twenty-one months prior to Appellant's claim for hearing loss in his left ear. Referee's Finding of Fact No. 9D. Based on these findings, the referee concluded that Appellant sustained his burden of proving a compensable hearing loss in his left ear and granted his petition. Referee's Conclusion of Law No. 2. The referee further ordered Teledyne to pay Appellant's bill of costs, interest, a penalty for unreasonable contest, and a portion of Appellant's legal fees. Referee's Conclusions of Law Nos. 3, 4, 5, and 6.

Teledyne appealed to the Board, which concluded that Appellant failed to present any medical expert testimony to support his claim. *Lynch v. Teledyne Vasco*, A93–0194, slip op. at 3 (W.C.A.B. July 27, 1994). The Board recognized that Appellant had put forth the testimony and reports of his audiologist, Mr. Plucker. Nevertheless, the Board concluded that it was constrained to follow *Pare v. Workmen's Compensation Appeal Bd. (Fred S. James & Co.)*, 97 Pa. Commw. 435, 509 A.2d 1361 (1986), *alloc. denied*, 514 Pa. 622, 521 A.2d 935 (1987), which held that the testimony of an audiologist, standing alone, is insufficient to establish a compensable hearing loss. As such, the Board reversed the referee's award. *Lynch v. Teledyne Vasco*, A93–0194 (W.C.A.B. July 27, 1994).

Appellant then appealed to the Commonwealth Court. The Commonwealth Court, constrained by its earlier decision in *Pare, supra*, affirmed the Order of the Board. *Lynch v. Workmen's Compensation Appeal Bd. (Teledyne Vasco)*, 654 A.2d 665 (Pa.Commw.1995). The court concluded that although audiologists play a vital role in the area of hearing science, "[i]t is also necessary for an otolaryngologist to examine the claimant and determine whether his or her clinical findings are consistent with the audiologist's test results." *Id.* at 668. This appeal followed.

 Our scope of review in a workers' compensation case is limited to a determination of whether there has been a constitutional violation, an error of law, or a violation of appeal board procedure, and whether necessary findings of fact are supported by substantial evidence. *Dilkus v. Workmen's Compensation Appeal Bd. (John F. Martin & Sons)*, 543 Pa. 392, 396–398, 671 A.2d 1135, 1137–38 (1996). Initially, we note that a claimant has the burden of proving a causal connection between his or her alleged disability and the injury sustained at work. *Fotta v. Workmen's Compensation Appeal Bd. (U.S. Steel/USX Corp. Maple Creek Mine)*, 534 Pa. 191, 194, 626 A.2d 1144, 1146 (1993). Where the injury is not attributable to a specific incident, the causal relationship between the injury and the employment will seldom be obvious, and in those cases, unequivocal medical testimony is required. *Workmen's Compensation Appeal Bd. v. Bethlehem Steel Corp.*, 23 Pa. Commw. 454, 456, 352 A.2d 571, 573 (1976).

 In the case *sub judice*, Appellant contends that his hearing loss was a direct result of his occupational exposure to loud noises over the course of more than forty years. Because of the length of time associated with Appellant's occupational exposure to loud noises, it is incumbent upon him to present unequivocal medical testimony to support his claim.

Appellant sought to satisfy this requirement by presenting the testimony of his audiologist, Mr. Plucker, despite case law directly on point which held that an audiologist's testimony and reports were not considered expert medical testimony. *See Pare v. Workmen's Compensation Appeal Bd. (Fred S. James & Co.)*, 97 Pa. Commw. 435, 438, 509 A.2d 1361, 1363 (1986), *alloc. denied,* 514 Pa. 622, 521 A.2d 935 (1987). Although the referee found that the testimony and reports of Mr. Plucker supported Appellant's claim, the Board, and subsequently the Commonwealth Court concluded, that the testimony and reports were legally insufficient, based on existing case law.

Appellant has elected not to advance any substantive argument to this Court as to why we should overrule that prece-

dent and conclude that reports and testimony from an audiologist should be considered expert medical testimony. Instead, Appellant takes exception with the underlying premise that current case law holds that the testimony of an audiologist is insufficient to support a claim of hearing loss.[3]

Specifically, Appellant argues that *Pare v. Workmen's Compensation Appeal Bd. (Fred S. James & Co.)*, 97 Pa. Commw. 435, 438, 509 A.2d 1361, 1363 (1986), *alloc. denied*, 514 Pa. 622, 521 A.2d 935 (1987), the case cited by Teledyne and relied upon by the Board and the Commonwealth Court, does not stand for the proposition that the testimony of an audiologist, standing alone, is insufficient to establish an employment-related hearing loss.

In *Pare*, the referee had awarded the claimant benefits for specific loss of hearing as a result of occupational exposure to excessive noise levels. The referee in his findings relied upon the testimony of the claimant's audiologist, who provided audiograms and testified before the referee. The Board subsequently reversed the referee's decision, and the claimant appealed to the Commonwealth Court. The Commonwealth Court reversed the Board's decision and concluded that "[a]lthough the referee erred in stating that the testimony of the audiologist, who was not a medical doctor, was sufficient to support a finding of hearing loss directly related to employment, [it] nevertheless must reinstate his decision." *Id.* at 438, 509 A.2d at 1363. The Commonwealth Court reinstated the referee's finding that sufficient evidence existed to support the claimant's award. Specifically, the court cited to the testimony of the claimant's treating physician who also testified, along with his audiologist, that he suffered a complete loss of hearing in both ears.

Appellant cites to the Commonwealth Court's determination in *Pare* that the testimony of an audiologist, who was not a medical doctor, was insufficient to support a finding of hearing

---

**3.** Appellant has also raised other issues before this Court. We refuse, however, to consider those issues as Appellant has failed to preserve them in the court below. *Lynch v. Workmen's Compensation Appeal Bd. (Teledyne Vasco)*, 654 A.2d 665, 666 (Pa.Commw.1995).

loss. He claims that this conclusion was obiter dicta because it was not necessary to the resolution of the case. We disagree. Instead, we agree with the Commonwealth Court's assessment in the instant matter that the statement was at the very center of that court's holding. *Lynch v. Workmen's Compensation Appeal Bd. (Teledyne Vasco)*, 654 A.2d 665, 667 (Pa.Commw.1995). It was necessary for the court in *Pare* to first examine whether the Board's basis for reversing the referee was proper and then to examine whether the referee's decision was nevertheless correct for other independent reasons. In considering the Board's decision, the court in *Pare* concluded that the Board was correct in determining that the claimant had not met his burden of proof because the audiologist was not a medical doctor. *Pare*, 97 Pa. Commw. at 438, 509 A.2d at 1363. Notwithstanding that conclusion, the court affirmed that decision following a longstanding rule that if a referee makes a correct decision but assigns an erroneous reason for his action, an appellate court will affirm where the correct basis for the decision is clear from the record. *Id.* (citations omitted) The court concluded that the referee's decision was still supportable because the record disclosed that the claimant's physician had in fact testified that the claimant had suffered a hearing loss. *Id.* Therefore, Appellant's argument that the cited language in *Pare* is dicta must fail.

Next, Appellant directs this Court's attention to *Hill v. Workmen's Compensation Appeal Bd. (Latrobe Steel Corp.)*, 117 Pa. Commw. 251, 543 A.2d 232 (1988), *appeal denied*, 522 Pa. 598, 562 A.2d 322 (1989). Appellant argues that in *Hill*, which was decided two years after *Pare*, the Commonwealth Court relied exclusively on the opinions rendered by Dr. Leo Doerfler, a practicing audiologist, not a medical doctor, in reversing the Board's decision and reinstating the award. Appellant contends that "Doerfler's qualifications, which must have been clearly a part of the *Hill* record, certainly would have revealed that Leo Doerfler was an audiologist, not a medical doctor, and that his doctorate was academic, not a medical doctorate." Brief for Appellant at 2. Accordingly,

Appellant asserts that *Hill* stands for the proposition that a claim of hearing loss may be supported by the testimony of an audiologist, without the need to introduce testimony from a medical doctor.

We find that it is immaterial whether the record in *Hill* demonstrated that Dr. Doerfler's degree was an academic degree or in fact a medical doctorate. What is relevant is the fact that the record in *Hill* makes no mention that the employer ever challenged the competency of Dr. Doerfler to testify to the loss of hearing and the causal relationship that existed between the injury and claimant's job. Therefore, because the competency of the audiologist was not challenged, *Hill* cannot be considered persuasive on the issue of whether the testimony and reports of an audiologist are sufficient to support a claim for hearing loss. Unlike *Hill,* that issue has been challenged in the case *sub judice* and is squarely before this Court at this time. In sum, we find Appellant's characterization of the relevant case law to be untenable.

We find that Appellant has failed to advance any reason why the testimony and reports of an audiologist should be considered medical expert testimony capable of supporting a loss of hearing claim. Additionally, Appellant has not convincingly distinguished existing case law which holds that the testimony and reports of an audiologist, standing alone, cannot support a loss of hearing claim. As such, we find that Appellant has failed to satisfy his burden of proof that the Commonwealth Court erred in affirming the Board's decision.

Accordingly, the Order of the Commonwealth Court is affirmed.

NEWMAN, J., did not participate in the consideration or decision of this case.

CAPPY, J., files a concurring opinion.

NIGRO, J., concurs in the result.

CAPPY, Justice, concurring.

I join the opinion of the majority and write separately only to note that here, Appellant/employee failed to raise the issue that Appellee/employer had not objected at trial to the competency of Appellant's key witness, the audiologist. Without that point being raised here on appeal, the decision of the majority is correct.