## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Jolley, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1278 C.D. 2019 |
| | : | Submitted: January 17, 2020 |
| Workers' Compensation Appeal | : | |
| Board (Dallas Township), | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON                                           FILED: April 29, 2020

Robert Jolley (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant's Claim Petition for Workers' Compensation against Dallas Township (Employer). Claimant argues that the Board erred in affirming the WCJ's decision that no competent medical evidence was submitted, utilizing the formulas of the American Medical Association (AMA) Guides to the Evaluation of Permanent Impairment (Guides), Fourth Edition, to demonstrate Claimant's occupational hearing loss. Claimant further contends that the Board incorrectly placed the burden upon Claimant, not Employer, to reduce hearing loss allegedly caused by other factors to a quantitative percentage. Upon review, we affirm.

## I.    Background

From 1989 to present, Claimant has been working for Employer. Claimant began his career as a patrol officer for Employer and is currently serving as Employer's Chief of Police. In 1991, Claimant was appointed as a firearms instructor by Employer and continues to work in this capacity. On June 6, 2017, Claimant filed a Claim Petition against Employer alleging binaural hearing impairment greater than 10% but less than 75% - as defined by the Fourth Edition of the Guides - as a result of his employment as a police officer and a firearms instructor for Employer. WCJ Dec., 08/07/2018, Finding of Fact (F.F.) No. 1.

The WCJ decided against Claimant on August 7, 2018. The WCJ concluded that Claimant failed to establish that he has compensable occupational hearing loss calculated using the formula established in the Fourth Edition of the Guides. Claimant appealed to the Board. WCJ Dec., 08/07/2018, Conclusions of Law No. 2.

Claimant presented evidence from Dr. James Zeigler, Au.D., a trained audiologist. Dr. Zeigler testified that he conducted testing on Claimant on March 22, 2017, and based on the results of this testing, he assessed that Claimant has a severe loss of hearing at 2000 Hz and mild loss at lower frequencies. Dr. Zeigler reduced the results to a percentage in line with the Guides, Fourth Edition, resulting in a binaural impairment of 21%. F.F. No. 7.

Dr. Eric Plotnick, M.D., Claimant's board-certified specialist in otolaryngology and neck surgery, also submitted Claimant to audiometric testing and evaluation. While Dr. Plotnick's testing produced results consistent with Dr. Zeigler's, Dr. Plotnick indicated that he was unfamiliar with the process of reducing

2

these results to percentages, and therefore, he did not provide this calculation. Dr. Plotnick further indicated that after three years of evaluation of Claimant for ringing in his ears, Claimant's hearing loss is multifactorial. This means that additional contributory factors, including hyperlipidemia, hypertension and smoking, as well as natural aging, could result in the hearing loss experienced by Claimant. F.F. No. 8.

Claimant also received a physical examination and audiometric testing from Employer's otolaryngology and head and neck surgery specialist, Dr. Lee Rowe, M.D. Using the AMA Guides, Fifth Edition, Dr. Rowe calculated Claimant's binaural impairment as 18.4%. Dr. Rowe assessed that Claimant's high blood pressure, elevated fatty acids, and smoking habits contributed to Claimant's hearing loss. He further stated that there is no evidence that Claimant was exposed to long-term hazardous occupational noise as he wore substantial hearing protection to prevent hearing loss. F.F. No. 9.

The WCJ found that Claimant failed to present competent medical evidence establishing that he suffered a compensable occupational hearing loss under the standards of the Fourth Edition of the AMA Guides as required by the Pennsylvania Workers' Compensation Act (Act).[1] Citing Claimant's medical evidence, the WCJ pointed to the fact that Dr. Plotnick did not calculate a percentage of hearing impairment as instructed under the AMA Guides, and Dr. Rowe utilized the Fifth Edition of the AMA Guides, not the Fourth Edition as required by the Act. F.F. No. 10.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2710.

The Board affirmed the decision of the WCJ. The Board concluded that Claimant bears the burden of proof to demonstrate a compensable hearing impairment as defined by the Act. Therefore, Claimant must prove the existence of hearing loss of 10% or greater that is medically established to be work-related and caused by exposure to occupational noise. This proof must be supported by evidence under the standards of the Act. In Claimant's case, while Dr. Zeigler utilized the Fourth Edition of the Guides as outlined in the Act, he did not assert that the cause of Claimant's hearing loss was a result of the workplace, instead citing additional conditions, including hyperlipidemia, hypertension, and smoking, as well as the aging process that could be attributed to Claimant's hearing loss. Board Dec., 08/21/2019.

Claimant now petitions for review.

## II. Discussion

On appeal,[2] Claimant argues that the Board erred in affirming the WCJ's decision that no competent medical evidence was submitted that Claimant's proven occupational hearing loss was calculated utilizing the formulas of the Fourth Edition of the Guides. Claimant also asserts that the Board erred in placing the burden upon Claimant to reduce hearing loss allegedly caused by other factors outside of employment to a quantitative percentage. Claimant contends that this is the Employer's burden.

---

[2] Our review in a workers' compensation appeal is limited to determining whether substantial evidence supported the WCJ's findings of fact, whether the WCJ committed an error of law, or whether the WCJ's decision violated constitutional rights. *Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.)*, 176 A.3d 1045 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 189 A.3d 385 (Pa. 2018).

## A. Competence of Medical Evidence

In order to assert a successful claim for Workers' Compensation, a claimant has the burden of proving a causal connection between his or her alleged disability and the injury sustained at work. *Lynch v. Workmen's Comp. Appeal Bd. (Teledyne Vasco),* 680 A.2d 847, 849 (Pa. 1996). If the injury is not attributable to a specific incident, then the connection between the injury and the employment will seldom be "obvious." *Id.* In these cases, "unequivocal medical testimony" is required. *Id.*

Claimant argues that the causal connection between his binaural impairment and work activity for Employer is obvious. However, Claimant's binaural impairment cannot be attributed to a specific incident, but instead, is allegedly the result of his police work in totality. Therefore, Claimant must present unequivocal evidence to establish causation between his employment and his injury.

Claimant alleges that his binaural impairment is a result of 25 years of police work for Employer. In *Lynch*, the claimant asserted that his injury could be attributed to loud noises in the workplace over the course of 40 years. As a result of the length of time, it was "incumbent" that the claimant present unequivocal evidence to support his claim. *Id.* While a concrete time period has not been established by this Court to require unequivocal evidence, *Lynch* suggests that Claimant has not met his burden of establishing a causal connection between his alleged injury and his employment.

Claimant further argues that because the causal connection between the binaural impairment and his employment is obvious, audiology testing alone can

suffice to prove compensable hearing loss. Claimant cites to *Lynch* to support this reasoning. However, the statements regarding audiology testing in *Lynch* relate directly to prior case law, namely *Pare v. Workmen's Compensation Appeal Board (Fred S. James & Co., Inc. of Pa.)*, 509 A.2d 1361 (Pa. Cmwlth. 1986).

In *Pare*, this Court stated that the Board erred in holding that the testimony of an audiologist was sufficient to support a finding of hearing loss directly related to employment. *Id.* While this Court upheld the decision that sufficient evidence existed to support the claimant's award, this Court did not uphold the reasoning of the Board. Because the audiologist was not a medical doctor, the claimant did not meet the burden of proof required to establish a causal connection between the alleged injury and employment. *Pare*, 509 A.2d 1361.

It is necessary for an otolaryngologist to examine the claimant and determine whether a claimant's clinical findings are consistent with the audiologist's test results. *Lynch*, 680 A.2d 847. Additionally, this Court has held that attending physicians are preferred as witnesses in workers' compensation cases. *Pare*, 509 A.2d 1361. While Claimant argues that a causal connection is obvious and that an audiologist's testimony is sufficient evidence to support his claim, this Court places weight on physician testimony for issues of hearing impairment. The testimony of a physician may be sufficient to demonstrate a causal connection between injury and impairment. *Id.*

Claimant focuses on the AMA Guides utilized by his testifying medical professionals within his competence of medical evidence argument. Under the Act, hearing impairment should be evaluated under the "[AMA Guides], Fourth Edition (June 1993)" for the purposes of establishing a compensable workers' compensation

claim. Sections 105.5 of the Act of February 23, 1995, P.L. 1 & 306(c)(8) of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 25.5 & 513(8). Claimant argues that the medical evidence provided by Employer was not competent because it was not presented in the percentage format outlined in the Fourth Edition of the Guides.

Neither the WCJ nor the Board made the determination that the medical evidence presented was not competent solely based on the use, or lack thereof, of the Fourth Edition of the Guides. The WCJ found that the testimony of Claimant's audiologist alone did not serve as sufficient evidence to demonstrate a causal connection between the alleged injury and Claimant's employment. Because the connection was not obvious, unequivocal evidence must be provided. Unequivocal evidence can be understood to describe the necessary testimony of a qualified otolaryngologist as outlined by this Court in *Lynch*.

While Dr. Zeigler, Claimant's audiologist, reduced Claimant's hearing impairment to 21% under the AMA Guides, Fourth Edition, his testimony alone is not sufficient to amount to unequivocal evidence. However, the evaluations of Claimant's hearing loss by licensed otolaryngologists also did not amount to competent medical evidence to support a compensable injury under the Act. Dr. Plotnick, Claimant's otolaryngology and neck surgery expert, did not translate Claimant's hearing loss into the percentages outlined in the Fourth Edition of the Guides. Dr. Plotnick described Claimant's hearing loss as "multifactorial," meaning that a combination of factors, including hyperlipidemia, hypertension, smoking, and the natural aging process could have contributed to his hearing loss. This does not establish unequivocal evidence of a causal connection between the alleged injury and employment.

7

Dr. Rowe, the otolaryngologist and neck surgeon provided by Employer, determined Claimant's hearing loss was 18.4%. However, he utilized the Fifth Edition of the Guides rather than the Fourth Edition as outlined by the Act. The use of a different edition of the Guides does not alone cause this medical evidence to fail as competent. Dr. Rowe also cited "comorbid factors" outside of employment that could have contributed to Claimant's hearing loss, including high blood pressure, elevated fatty acids, and his prior smoking history. Dr. Rowe further concluded that Claimant's hearing loss is not consistent with noise-induced hearing loss or with hearing loss experienced by individuals with a history of occupational hearing loss. Therefore, the WCJ did not find the medical evidence to be insufficient solely as a result of the otolaryngologists not properly utilizing the Fourth Edition of the Guides, but also because their testimony could not establish a causal connection between Claimant's hearing loss and Claimant's employment.

### B. Burden of Proof of Impairment

Claimant argues that the Board erred in placing the burden upon Claimant to reduce hearing loss allegedly caused by other factors to a quantitative percentage. Claimant asserts that the Act places this defensive burden on Employer. Claimant states that his "evidence of over 25 years exposure to hazardous occupational noise went unchallenged and was credited by the WCJ." Pet'r's Br. at 23.

The WCJ found that Claimant's hearing loss was supported by the evidence of record. F.F. No. 10. Hearing loss itself is not compensable under the Act. Claimant must also establish causation to demonstrate the connection between the injury and his employment.

8

Claimant cites this Court's decision in *Elliott Co. v. Workers' Compensation Appeal Board (Shipley)*, indicating that when an employer submits defenses that assign hearing loss to other factors outside of workplace exposure, then the employer bears the burden of proof. *See Elliott Co. v. Workers' Comp. Appeal Bd. (Shipley)*, 795 A.2d 480, 486 (Pa. Cmwlth. 2002). This burden of proof would include, under Claimant's argument, a reduction of the damage caused by outside causes to the percentages included in the Fourth Edition of the Guides.

Claimant submitted the testimony of Dr. Plotnick as an otolaryngologist capable of assessing the severity of Claimant's hearing loss. Dr. Plotnick categorized Claimant's hearing loss as "multifactorial," meaning that he could not establish causation directly related to Claimant's employment. Dr. Plotnick did not reduce the hearing loss to a percentage per the Fourth Edition of the Guides.

Although Claimant argues that the burden is on Employer to reduce hearing loss not attributable to Claimant's employment to a percentage per the Fourth Edition of the Guides, Claimant's medical expert, Dr. Plotnick, raised the issue. By assessing that Claimant's hearing loss is multifactorial, the causal connection between injury and employment was broken. While Dr. Plotnick did not reduce the factors outside of employment to a percentage under the Fourth Edition of the Guides, this did not shift the burden to Employer.

Under a claim for hearing loss, Claimant's medical doctor determines the cause of the hearing loss established by an audiogram. Dr. Plotnick could not specifically identify which factor caused Claimant's hearing loss. This finding by Claimant's medical doctor did not shift the burden of proof to Employer to reduce the effect of causes outside of employment to a percentage under the Fourth Edition of the Guides.

Employer submitted the evidence of Dr. Rowe that, similarly to the testimony provided by Dr. Plotnick, identified Claimant's hearing loss as multifactorial. Dr. Rowe evaluated Claimant using the percentages in the Fifth Edition of the Guides. However, as previously established, use of the Fourth Edition of the Guides is required by the Act for the determination of compensable hearing loss.

Although *Elliott Co.* held that the employer bears the burden of proof when providing medical evidence as a defense, a defense is made to combat competent medical evidence. The WCJ established that Claimant failed to provide competent medical evidence, as the causal connection between injury and employment was not obvious. As such, the testimony of Dr. Zeigler, by itself, was not sufficient. The Act requires that a medical doctor evaluate Claimant to support compensable hearing loss. Claimant did not meet this burden.

Therefore, as the burden of demonstrating a compensable hearing loss under the Act was not met by Claimant, it is irrelevant whether the testimony of Dr. Rowe, Employer's otolaryngologist, was competent. The burden to quantify the causes of Claimant's hearing loss outside of employment is not Employer's burden. Claimant failed to provide competent medical evidence, instead providing testimony that categorized Claimant's hearing loss as multifactorial. Claimant's medical evidence was not competent to demonstrate a causal connection between the injury and Claimant's employment. Thus, Claimant failed to meet his burden on his Claim Petition.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Jolley,                          :
                Petitioner        :
                                      :
           v.                          :    No.   1278 C.D. 2019
                                        :
Workers' Compensation Appeal           :
Board (Dallas Township),               :
                Respondent      :

# **O R D E R**

**AND NOW**, this 29th day of April 2020, the order of the Workers'
Compensation Appeal Board is **AFFIRMED.**

                                       _____

                                       J. ANDREW CROMPTON, Judge