383 A.2d 852

**COMMONWEALTH of Pennsylvania**

v.

**Anibal DIAZ, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 16, 1976.

Decided March 23, 1978.

John W. Packel, Chief, Appeals Div., Asst. Public Defender, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Marianne E. Cox, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

The issue in this appeal is whether the appellant, Anibal Diaz, would be placed in double jeopardy by being tried on criminal charges to which he has already pleaded guilty and been sentenced.

There were various procedural facets involved in this litigation before this appeal. Only those relevant to the issue before us are recited. The trial court summarized the facts relevant to appellant's arrest and conviction as follows:

"On April 13, 1974, the defendant, Anibal Diaz, was arrested and charged with Attempted Rape, Kidnapping, Indecent Assault and Simple Assault. On April 18, 1974, the defendant appeared before Judge Thomas N. Shiomos. The defendant knowingly and intelligently waived the preliminary hearing, presentment to the Grand Jury and indictment, and entered a plea of guilty on the Municipal Court transcript to the charge of Attempted Rape. In return for the guilty plea, the Commonwealth moved to nolle prosse the remaining charges. Thereupon, Judge Shiomos, sitting as a Judge of the Court of Common Pleas, accepted the guilty plea and sentenced the defendant to five years probation."

On April 22, 1974, appellant was rearrested for the same charges. On April 29, 1974 he moved to dismiss the complaints and quash the warrant for rearrest. Relief was denied. On June 10, 1974 appellant was indicted, and on September 23, 1974, appellant moved to dismiss the indictments. One of the grounds alleged in support of this motion to dismiss, was a claim that appellant's constitutional rights against double jeopardy were being violated. Relief was again denied. The trial court, however, certified the matter to the Superior Court for immediate review because in its opinion there was involved a controlling question of law to which there was substantial ground for difference of opinion. Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 501, 17 P.S. § 211.501. The Superior Court affirmed. We granted appellant's petition for allowance of appeal, and this appeal followed.

If the trial court had subject matter jurisdiction, appellant was placed in jeopardy, within the meaning of the constitutional protections, on April 13, 1974, when he pleaded guilty in conjunction with the plea bargain and was sentenced for the crimes of which he was accused. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The prosecution argues that the trial court did not have subject matter jurisdiction because an indictment was necessary to invoke that court's jurisdiction. The prosecution relies prin-

cipally on *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974), and *Commonwealth ex rel. Fagan v. Francies*, 53 Pa.Super. 278 (1913). According to the prosecution, these cases hold that a court's subject matter jurisdiction cannot be invoked absent an indictment. We do not accept the prosecution's statement of the holdings of these cases. In *Commonwealth v. Little*, we said:

> "The right to *formal notice of charges*, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court. *Albrecht v. United States*, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); *Commonwealth ex rel. Fagan v. Francies*, 53 Pa.Super. 278 (1913)." (Emphasis added.) 455 Pa. at 168–169, 314 A.2d at 273.

We further said in *Little, supra* :

> "In the case before us, the requirement of notice to the defendant is fully satisfied by the indictment returned by the grand jury." *Id.* 455 Pa. at 169, 314 A.2d at 273.

The prosecution misreads *Little*. *Little* said that there must be a "formal notice of charges," and that "the requirement of notice . . . is fully satisfied by the indictment." *Little* did not say that an indictment was the only way to satisfy the requirement of the formal notice.

Likewise, in *Fagan, supra*, cited in *Little*, the Superior Court said:

> "The objection that the case was not certified into the oyer and terminer may be regarded as technical, but the objection that no court had power to impose the sentence, except upon an indictment, *without the relator's express and unequivocal consent*, is not technical but substantial." (Emphasis added.)

*Fagan*, like *Little*, was concerned with whether there had been a formal notice of charges. Had there been an "express and unequivocal consent" in *Fagan*, an indictment would have been dispensable.

■ Formal notice of the charges is required so that the defendant knows exactly what the accusation is and so that the record will establish exactly what the defendant is guilty of in the event of a conviction. Even a defective indictment, which nonetheless leaves no doubt as to the charges upon which an acquittal is entered, protects a person from being retried in violation of double jeopardy protections. *Ball v. United States*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

■ In the case before us, appellant had formal notice of the charges against him. The complaint filed against appellant was not so broad in its allegations that the specific conduct allegedly committed by appellant was in doubt. The complaint was specific as to the date of the crime, identified the victim of the crime, and specifically described the acts alleged to have been done by appellant during the attempted rape. Moreover, the specific facts underlying the charge of attempted rape were formally placed on the record in the presence of the appellant and appellant's counsel:

"[THE PROSECUTOR]: The Complainant . . . who is in Court, if she were to testify, would testify that on April 13, 1974, early in the morning she was waiting for a bus at the intersection of 6th and Berks Street when she felt someone come up behind her and placed a pointed object at her neck. As the object was pointed at her neck, she heard the person behind her say, 'Come with me. Don't holler or I will kill you.'

The Complainant was forced into an auto and driven to the area of A street and Venango. This section is darkened and made up mostly of garages and industrial locations.

The defendant parked the car on Venango Street and order [sic] the complainant to remove her clothing. The complainant pleaded with him not to hurt her. He then struck her on the head with a blunt object and started pulling at her clothing. He had the complainant's slacks partly down and his hand inside her panties. At this time he dropped the object with which he had struck her, and

she grabbed the car door and fled as he bent down to retrieve the object that he had dropped to the floor. Once outside the auto she ran to a corner where she saw a police car approaching. She flagged the car down and explained what had happened. While she was inside the detective division, they brought an assailant and she recognized him immediately, and she is positive he is the man."

We conclude that the requirement of *Little,* that the accused be given a formal notice of the charges has been satisfied in this case. There is no question concerning the specific charges to which the appellant pleaded guilty and for which he was sentenced on April 13, 1974. The trial court was therefore not divested of subject matter jurisdiction by any lack of notice to the defendant of the crimes of which he stood accused.

The prosecution also contends in its brief that the trial court did not have subject matter jurisdiction because "a common pleas judge sitting in municipal court as a committing magistrate has no jurisdiction to accept a plea of guilty to the charge of attempted rape." The argument is frivolous; at the time the guilty plea was accepted, appellant had waived the preliminary hearing. That phase of the prosecution was therefore over. Both the defense and the prosecution agreed at that time that the trial judge should proceed to conduct a hearing for the purposes of accepting appellant's guilty plea. The trial judge was a judge of the Court of Common Pleas which has subject matter jurisdiction over the crimes involved. Under these circumstances it cannot be said that a preliminary hearing was taking place, and that the trial judge was sitting as a committing magistrate rather than, by consent of all parties, as a judge of the Court of Common Pleas.

We also note that, although under some circumstances a nolle pros may be removed, the prosecution's participation in the plea agreement here forecloses such removal.

We have considered other issues raised by the prosecution and find them to be without merit. Once it is established

that the tribunal had both subject matter jurisdiction and jurisdiction of the person of the accused, jeopardy attached. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The appellant's motion to dismiss the indictments should have been granted.

The order of the Superior Court affirming the trial court's order denying appellant's motion to dismiss the indictments is reversed.

JONES, former C. J., took no part in the decision of this case.