**COMMONWEALTH of Pennsylvania**

**v.**

**Antonio GEATTI, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 15, 2011.

Decided July 28, 2011.

Publication Ordered Sept. 30, 2011.

Antonio Geatti, pro se.

Thomas E. Leipold, First Assistant District Attorney, Bloomsburg, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Antonio Geatti (Geatti) appeals *pro se* from an order of the Court of Common Pleas of the Twenty–Sixth Judicial District, Columbia County branch (Trial Court) which found Geatti guilty of a summary offense for a high grass/weeds violation, and reinstated the fines and costs set therefor by a Magisterial District Justice (District Justice). We affirm.

The following facts have been gleaned from the scant record to this matter. Geatti was issued a Non–Traffic Citation, dated June 25, 2009, by a Scott Township (Township) Codes Officer, for a violation of the Township's ordinance against prohibited vegetation. Certified Record (C.R.) at Item 2. Geatti plead not guilty, and a trial was held thereafter before the District Justice at which Geatti appeared *pro se*. On August 17, 2009, the District Justice issued an order finding Geatti guilty and imposing upon Geatti fines and costs in the amount of $463.50. *Id.* at Item 1. Geatti filed a timely summary appeal to the Trial Court.

Geatti, *pro se*, appeared before the Trial Court, as did an Assistant District Attorney representing the Commonwealth. Following a trial *de novo*, the Trial Court entered an order dated March 15, 2010, finding Geatti guilty of the high grass/weeds violation, and reinstating the fines and costs as set by the District Justice.

Geatti, *pro se*, appealed the matter to Superior Court. Because the matter involves a municipal ordinance, Superior Court transferred the matter to this Court by order dated September 22, 2010.

■ This Court's standard of review when evaluating the sufficiency of the evidence in a conviction for a summary offense is whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Seyler*, 929 A.2d 262 (Pa.Cmwlth.2007). Our scope of review of convictions for summary offenses is limited to determining whether constitutional rights had been violated or whether trial court abused its discretion or committed error of law. *Commonwealth v. Borriello*, 696 A.2d 1215 (Pa.Cmwlth.1997), *aff'd*, 555 Pa. 219, 723 A.2d 1021 (1999).

Geatti presents twelve issues, single-spaced over two pages, to this Court. To the extent that Geatti presents legally cognizable issues, they center around claims asserting errors in the procedures through which his summary citation was issued, the existence and/or validity of the ordinance that he was charged with violating, errors in the procedures within the hearings he had before the District Justice and in the Trial Court, and the sufficiency of the evidence presented against him in the prior proceedings.

■ We are unable to address Geatti's presented issues. Geatti has failed to insure that the transcript of the *de novo* hearing before the Trial Court was included within the certified record to the instant matter. We note that Geatti did request a transcript within his Notice of Appeal to this Court in accordance with the provision therefor in Pennsylvania Rule of Appellate Procedure 1911(c). Pa.R.A.P. 1911(c). However, Pa.R.A.P. 1911(a) also requires, in plain language and on its face, compli-

ance with the Pennsylvania Rules of Judicial Administration. Rule 5000.5 of the Pennsylvania Rules of Judicial Administration requires an appellant to formally request any needed transcripts from the court reporter, the clerk of the trial court in which the proceeding took place, the district court administrator, and the clerk of the appellate court. Pa. R.J.A. No. 5000.5. As Geatti herein only formally requested the Trial Court transcript from the Commonwealth Court Clerk, within his Notice of Appeal, the transcript of proceedings before the Trial Court is not a part of the record to this matter. The language establishing the mandatory duty of an appellant to properly request any required transcript within Pa.R.A.P. 1911(a) admits of no exception, stating "[t]he appellant *shall* request any transcript required under this chapter in the manner . . . and within the time prescribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters)." (Emphasis added.) [1]

■ It is well settled that an appellate court cannot consider anything which is not part of the certified record in a case. *Smith v. Smith,* 431 Pa.Super. 588, 637 A.2d 622, 623–24 (1993), *petition for allowance of appeal denied,* 539 Pa. 680, 652 A.2d 1325 (1994). Furthermore, it is the responsibility of the appellant to supply the Court with a complete record for purposes of appellate review. *Id.* Thus, the failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issues sought to be examined. *Id.; see*

*also Fotta v. Workmen's Compensation Appeal Board (U.S. Steel/USX Corporation Maple Creek Mine),* 534 Pa. 191, 626 A.2d 1144 (1993). "[I]t has repeatedly been held by our courts that the burden to produce a complete record for appellate review rests **solely** with the appellant." *Commonwealth v. Chopak,* 532 Pa. 227, 236, n. 5, 615 A.2d 696, 701, n. 5 (1992) (emphasis in original; citations omitted).

From the record before us, it appears that Geatti has never made any request for a transcript in this matter to all of the required parties. Pa.R.A.P. 1911; Pa. R.J.A. No. 5000.5. As we do not have a transcript as to what occurred in the proceedings below, we cannot conduct appropriate appellate review of the issues that Geatti raises before this Court, and thus they are waived. *Mason v. Pennsylvania Department of Corrections,* 886 A.2d 724 (Pa.Cmwlth.2005) (lack of transcript of proceedings may operate to preclude effective appellate review); *Smith.*

We note that Geatti's *pro se* in this matter demonstrate a deep and fundamental misunderstanding of the law, and of the basic judicial procedures applicable herein. While this Court is sympathetic to the difficulty facing all *pro se* parties, it is axiomatic that a party seeking to represent himself assumes the risk that his lack of legal knowledge might prove to be his undoing. *Hinds v. Department of Transportation,* 740 A.2d 1217 (Pa.Cmwlth. 1999).

Accordingly, we are constrained to af-

---

1. We note that Geatti, who has proceeded before this Court *in forma pauperis,* could have requested that he be permitted to obtain a free transcript to obtain appellate review of certain issues on appeal. *See, e.g., Richmond v. Pennsylvania Higher Education Assistance Agency,* 6 Pa.Cmwlth. 612, 297 A.2d 544 (1972). We also note that while Geatti attempted to proceed *in forma pauperis* in the proceedings before the Trial Court, he failed to submit the proper financial documentation to obtain that status in those proceedings. *See* C.R. at Item 9.

firm.[2]

## ORDER

AND NOW, this 28th day of July, 2011, the order of the Court of Common Pleas of the Twenty–Sixth Judicial District, Columbia County Branch, dated March 15, 2010, at No. SA–71–2009, is affirmed.

**2.** Pennsylvania Rule of Appellate Procedure 1911(d) reads:

Request for Transcript

\* \* \*

(d) Effect of failure to comply. If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal. Pa.R.A.P. 1911(d).