J-S39019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW JAMES MURPHY | |
| Appellant | No. 1690 WDA 2013 |

Appeal from the PCRA Order of September 20, 2013
In the Court of Common Pleas of Butler County
Criminal Division at No.: CP-10-CR-0001660-2010

BEFORE:  BENDER, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 11, 2014**

Matthew James Murphy challenges the order denying him relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.* Specifically, he contends that his guilty plea counsel was ineffective for failing to challenge the trial court's jurisdiction over the underlying criminal matter.  We affirm.

The PCRA court has provided the following factual and procedural history of this case:

> By information filed on November 10, 2010, [Murphy] was charged at C.A. No. 1660 of 2010 with three counts each of theft by deception, in violation of 18 Pa.C.S. § 3922(a)(1), receiving stolen property, in violation of 18 Pa.C.S. § 3925(a), access device fraud, in violation of 18 Pa.C.S. § 4106(a)(1)(i), access device fraud, in violation of 18 Pa.C.S. § 4106(a)(1)(ii), identity

---

[*]     Retired Senior Judge assigned to the Superior Court.

theft, in violation of 18 Pa.C.S. § 4120(a), and access device fraud, in violation of 18 Pa.C.S. § 4106(a)(3). The crimes were alleged to have been committed in Franklin Township, Butler County. Represented by Attorney Patrick J. Thomassey, on July 8, 2011, pursuant to an agreement with the Commonwealth, [Murphy] pleaded guilty to three counts of theft by deception. The parties did not agree to a sentence recommendation. The sentencing guidelines called for a standard range minimum sentence of between six and sixteen months based on a prior record score of three. On October 25, 2011, [Murphy] was sentenced by [the trial court] to, among other things, undergo imprisonment of twelve to thirty-six months on each of the three counts, concurrently with each other, in the custody of the Department of Corrections. [The trial court] imposed a recidivism risk reduction incentive minimum sentence of nine months, and [Murphy's] commitment was deferred until November 10, 2011. No direct appeal was filed from the judgment of sentence.[1]

\* \* \* \*

On August 16, 2012, [Murphy] filed a *pro se* [PCRA] Petition at No. 1660 of 2010. . . . Following [this] filing, Attorney Hernandez-Cuebas was appointed to represent [Murphy] and [an amended PCRA petition was filed on January 9, 2013. [The PCRA court] scheduled a . . . hearing on the Amended Petition[]. . . . At the . . . hearing on [Murphy's amended PCRA petition], three witnesses testified: Attorney Owen Seman, Attorney Patrick Thomassey, and [Murphy].

Attorney Seman testified that he has been practicing law in this Commonwealth for more than ten years and that his office was retained to represent [Murphy] with respect to [this case]. Attorney Seman is . . . an associate for Attorney Patrick Thomassey. Regarding Attorney Seman's representation of [Murphy], he testified that he personally represented [Murphy] only with respect to sentencing.

_____

[1] Murphy filed simultaneous PCRA petitions at two separate criminal dockets. Although the PCRA court addressed them together, the instant appeal concerns only the PCRA court's resolution of number 1660 of 2010. Accordingly, in the interest of clarity, we have omitted references to the second docket from the PCRA court's account.

- 2 -

\* \* \* \*

According to Attorney Seman, the negotiated plea agreement did not include an agreed upon recommended sentence. Instead, the agreement called for the dismissal of certain charges. Attorney Seman did not look to the factual basis of the agreed-upon charges to which [Murphy] pleaded guilty, he testified.

\* \* \* \*

Attorney Patrick Thomassey testified that he has been practicing law for thirty-eight years and he represented [Murphy] on cases in both Allegheny and Butler Counties in 2010 or 2011. C.A. No. 1660 of 2010, Attorney Thomassey testified, was an access device fraud case that involved [Murphy's] then girlfriend . . . . Attorney Thomassey did not recall handling the preliminary hearing on either case. He did not recall when he first met [Murphy] or whether that occurred at his office[] or at the Allegheny County Jail.

. . . Attorney Thomassey testified [that Murphy], via computer, opened credit cards in his paramour's name without her knowledge or permission. He paid the bills for a time but eventually stopped. At one point, [Murphy] signed an agreement with her in which he admitted that his conduct was criminal. [Murphy], Attorney Thomassey testified, lived in Mars while his girlfriend lived in Prospect. Those places of residence, he testified, are listed in the agreement. The agreement is dated December of 2009. There was no indication, however, where the debts were, in fact, incurred. [Murphy], Attorney Thomassey noted, represented to him that he lived in Mars, then on and off with his girlfriend, before he moved to Sewickley, where he resided when he met with Attorney Thomassey. According to Attorney Thomassey, the criminal conduct occurred in Butler County. Jurisdiction, he testified, was not an issue and [Murphy] signed a document in which he admitted committing the crime.

\* \* \* \*

[Murphy] was the final witness to testify at the . . . hearing. . . . C. A. No. 1660 of 2010, [Murphy] testified, was an access device fraud case where he signed a document in which he admitted to opening the credit cards illegally. According to [Murphy], the document was signed in 2009. One of the addresses listed on the document was that of Crystal Warheit's parents who lived in

- 3 -

Prospect. The other was [Murphy's then-]address in Seven Fields. The document, [Murphy] testified, was provided to Attorney Thomassey in discovery. According to [Murphy], the body of the document was correct in that it recited that he unlawfully opened a credit card in Ms. Warheit's name. [Murphy] testified, however, that the document did not set forth where the credit cards were opened or where purchases were made using the credit cards. According to [Murphy], both he and Ms. Warheit were living at a home in Moon Township, Allegheny County when the credit card accounts were opened.

PCRA Court Opinion ("P.C.O."), 9/20/2013, at 1-6 (citations modified).

Following the PCRA hearing, the PCRA court issued a memorandum and order denying Murphy's PCRA petition. Murphy timely appealed the PCRA court's order. The PCRA court entered an order directing Murphy to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Murphy timely complied. Thereafter, the PCRA court issued a short Rule 1925(a) opinion indicating that its September 20, 2013 memorandum adequately responded to Murphy's assertions of error.

Murphy raises the following issue for our consideration: "Did the court below incorrect[ly] rule that Murphy failed to show that his claim of lack of subject matter jurisdiction had arguable merit and that Murphy carried his burden as to the outcome?" Brief for Murphy at 15 (capitalization modified).

Our standard of review regarding an order denying a PCRA petition requires us to determine whether the PCRA court's ruling is supported by the evidence of record and is free of legal error. *Commonwealth v. Kretchmar*, 971 A.2d 1249, 1251 (Pa. Super. 2009). With regard to claims of ineffective assistance of counsel, Pennsylvania has recast the two-factor

inquiry set forth by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 (1984), as a three-factor inquiry:

> [I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

***Commonwealth v. Reed***, 971 A.2d 1216, 1221 (Pa. 2005) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987)). Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006); ***see also Commonwealth v. Meadows***, 787 A.2d 312, 319-20 (Pa. 2001).

Murphy argues that "he was advised to plead guilty to a charge that the Common Pleas Court of Butler County had no subject matter jurisdiction over, as the predicate crime had been hatched and completely committed in Allegheny County." Brief for Murphy at 19. This echoes his testimony to that effect at his PCRA hearing.

In support of his contention that his claim has arguable merit, Murphy cites Mr. Thomassey's testimony at that hearing that "[j]urisdiction in [Mr. Thomassey's] mind was never an issue. . . . This case was going to be a plea from day one," *id.* (quoting Notes of Testimony ("N.T."), 6/25/2013, at 25), and argues that Mr. Thomassey, "by his own admission has admitted to an act of omission which conflicts with" the constitutional guarantee of

effective assistance of guilty plea counsel. *Id.* Upon this basis, Murphy argues that his claim has arguable merit.

Regarding whether Mr. Thomassey had a reasonable basis for not pressing a jurisdictional issue, Murphy relies upon the same testimony, averring that "it would appear that there was no consideration or strategy given for counsel's complete ignorance of the issue of subject matter jurisdiction." *Id.* at 20. He continues:

> Counsel seems to claim through his own testimony that because the case was going to be a plea from day one, and that [Murphy] had in fact admitted to the crime[,] that there was no reason to consider where in fact the crimes had occurred. Counsel rather mistakenly assumed that all crimes happened in Butler County.

*Id.*

Regarding prejudice, Murphy argues that Mr. Thomassey's alleged ineffectiveness deprived him of the opportunity to challenge the trial court's subject matter jurisdiction over the instant case. "Even though the law instructs that a [guilty] plea does not waive [objections to] subject matter jurisdiction,[2] Mr. Thomassey's inattention and assumptions will have forever lost to [Murphy] a right which these [c]ourts have said is not sinkable." *Id.* at 21.

The PCRA court disposed of Murphy's claim upon the basis that it lacked arguable merit:

---

2    *See Commonwealth v. Diaz*, 340 A.2d 559, 561 (Pa. Super. 1975), *reversed on other grounds*, 383 A.2d 852 (Pa. 1978).

[Murphy] has failed to demonstrate that the underlying claim – that this Court lacked jurisdiction . . . – had arguable merit. The testimony of Attorney Thomassey was that jurisdiction was not an issue. He testified that [Murphy] had signed an agreement in which he admitted to opening credit cards illegally in his paramour's name. The agreement, which was dated December of 2009, . . . included on it addresses in Portersville and Mars, both of which are in Butler County. Attorney Thomassey testified that [Murphy] stated to him that he lived in Mars before he cohabitated with Ms. Warheit on a non-continual basis, before he moved to Sewickley. According to Attorney Thomassey, the criminal conduct that formed the basis of the charges . . . occurred in Butler County. Attorney Thomassey's testimony was credible.

P.C.O. at 10. The PCRA court went on specifically to note that it found Murphy's contrary testimony incredible:

Since the [c]ourt does not believe [Murphy's] testimony that the criminal conduct did not occur in Butler County and we instead believe the testimony of Attorney Thomassey that the criminal conduct did occur in Butler County, the [c]ourt finds that [Murphy] has failed to prove that his claim is of arguable merit.

*Id.* at 11. We agree.

First, we note that, aside from boilerplate regarding the overarching legal standards that apply in this context, Murphy has furnished no apposite case law to support his claims. Moreover, his challenge plainly depends upon an attempt to relitigate determinations that rest with the fact-finder: He asks this Court to credit his testimony over Mr. Thomassey's, notwithstanding that the PCRA court did otherwise. As set forth, *supra*, we will not disturb the PCRA court's findings of fact and credibility determinations when they find support in the record. **See Kretchmar**, *supra*.

- 7 -

The record supports the PCRA court's characterization of Mr. Thomassey's testimony, and indeed provides more support for the PCRA court's ruling than the court included in its opinion. The following excerpts of Mr. Thomassey's testimony illustrate the point:

[Murphy's counsel]. Did you ever inquire of [Murphy] where physically, where he opened those accounts?

[Mr. Thomassey]. He lived in Mars and she lived in Prospect so everything happened in Butler County.

Q. Okay. And you, in fact, inquired of him about that that he lived in Mars and she lived in Prospect?

A. Yes, and in the agreement that he signed it says him, Mars, Pennsylvania, and I asked him at the time is that where you were living and he said, yes.

\* \* \* \*

Q. [N]ow this is an agreement that says that he will essentially hold her harmless for purchases that he had previously made, is that more or less what the agreement says?

A. No, this agreement says that Mr. Matthew Murphy admits that the credit card accounts illegally opened and fraudulently used by Mr. Murphy in the name of Crystal Warheit are identified, so he said he illegally opened them.

\* \* \* \*

Q. It is, in fact, dated, from a Butler County jurisdiction, correct?

A. It's dated December fifth, two thousand and nine.

Q. Yes. But Mars and –

A. Right.

Q. – and Prospect. Those are Butler County?

A. Right.

Q.    Is there any indication on there where those debts were incurred or where the debts, any indication where he applied for those credit cards?  On that form?

A.    No, not on this form, no.

Q.    He simply admits that he illegally applied for the credit cards, ran up bills which swore that he paid for –

A.    Yes.

Q.    And that he was living in Butler County at the time that he admitted to those things, correct?

A.    Correct.

Q.    Okay, did he ever indicate to you that he was living in Moon Township when all of those activities occurred?

A.    No, because when he came in[ ]to see me, he was living in Sewickley, and I said, well, when did you move to Sewickley[?] He said I lived in Mars and Butler and I lived on and off with her, meaning Miss Warheit, and they were on and off and that he did this over the computer.

Q.    So, you took from the conversation that this criminal activity happened in or some portion of it happened in Butler County then?

A.    It did.

N.T. at 21-24; *cf. id.* at 30-32 (Murphy authenticating under oath the Butler County addresses listed at the top of the 2009 agreement in Thomassey's possession admitting responsibility for the debts incurred illegally in Ms. Warheit's name).

This testimony, which significantly augments and contradicts Murphy's cribbed and self-serving description thereof, provided an ample basis for the PCRA court's finding of fact that Mr. Thomassey had good reason to believe that a challenge to the subject matter jurisdiction of the Butler County Court

of Common Pleas was not worth pursuing under the circumstances of this case. Given the testimony and evidence, we agree with the trial court that the claim of ineffective assistance simply lacks arguable merit. Moreover, even were we to allow that there might be arguable merit, the evidence presented certainly established a reasonable basis for Mr. Thomassey not to make an objection to the court's subject matter jurisdiction in this case, especially when negotiating a plea that reduced eighteen counts of access device fraud and related charges to just three counts of access device fraud. Accordingly, we find that Murphy's appeal lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014