**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON CARGILE | : | |
| | : | |
| Appellant | : | No. 1453 WDA 2017 |

Appeal from the PCRA Order September 5, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014493-2013

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 17, 2018**

Brandon Cargile (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2013, Appellant was charged with criminal attempt to commit involuntary deviate sexual intercourse with a child (attempted IDSI),[1] unlawful contact with a minor,[2] corruption of a minor,[3] indecent exposure,[4] and endangering the welfare of a child.[5]

---

[1]  18 Pa.C.S.A. §§ 901(a), 3123(b).

[2] 18 Pa.C.S.A. § 6318(a)(1) (involving sexual offenses).

[3]  18 Pa.C.S.A. § 6301(a)(1)(i).

[4]  18 Pa.C.S.A. § 3127(a).

[5]  18 Pa.C.S.A. § 4304(a).

This matter proceeded to trial and the jury found Appellant guilty of all charges. The trial court sentenced Appellant to serve consecutive terms of 10 to 20 years of incarceration for attempted IDSI and unlawful contact with a minor. The trial court imposed no further penalty for the remaining offenses. Appellant did not file post-sentence motions. On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on April 23, 2016. *Commonwealth v. Cargile*, 52 WDA 2015 (Pa. Super. Dec. 30, 2015) (unpublished memorandum), *appeal denied*, 136 A.3d 978 (Pa. 2016).

On June 9, 2016, Appellant filed a timely *pro se* PCRA petition seeking a new trial. The PCRA court appointed counsel (PCRA Counsel) to represent Appellant. PCRA Counsel subsequently filed an amended PCRA petition. On July 26, 2017, PCRA Counsel filed a second amended PCRA petition challenging the effectiveness of trial counsel and the legality of Appellant's sentence. The Commonwealth filed an answer to Appellant's second amended PCRA petition, and the PCRA court issued its notice of intent to dismiss pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not respond to the notice, and on September 5, 2017, the PCRA court dismissed Appellant's petition without a hearing.

Appellant appealed the PCRA court's decision and complied with the court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The PCRA court then issued its Rule 1925(a) opinion.

- 2 -

Appellant presents the following questions for our review:

I.      Whether counsel gave ineffective assistance when she failed to file a pretrial motion to quash the criminal information?

II.     Whether counsel gave ineffective assistance when she failed to object to the [trial] court's instruction to the jury regarding the crime of unlawful contact with a minor?

III.    Whether the sentence for unlawful contact with a minor was illegal?

Appellant's Brief at 5 (suggested answers omitted).[6]

Appellant's first two issues allege that trial counsel was ineffective relative to Appellant's conviction for unlawful contact with a minor.

Our standard of review governing the denial of a PCRA petition is as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error.  The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (citation omitted).

In order to obtain relief on an ineffectiveness claim:

> a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a

---

[6]  Although Appellant raised an additional claim of ineffectiveness of counsel in his concise statement, he has abandoned this issue by failing to raise it in his brief.  *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (concluding that the failure to properly include a developed argument in an appellate brief constitutes waiver).

reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

Appellant argues that trial counsel was ineffective for failing to move to quash the Commonwealth's criminal information. Appellant asserts that the criminal information failed to allege that Appellant made contact with the victim for the purpose of committing one of the enumerated offenses in Chapter 31 of the Pennsylvania Crimes Code (relating to sexual offenses), which Appellant contends was necessary in order for the Commonwealth to charge him with unlawful contact with a minor. Appellant's Brief at 20-21. Appellant further asserts that he was prejudiced because the defective criminal information prevented him from adequately preparing a defense for the unlawful contact with a minor charge.

Under Pennsylvania law, the crime of unlawful contact with a minor is defined as follows:

**(a) Offense defined. –** A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the

identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses). [(Chapter 31 offenses)].

. . .

18 Pa.C.S.A. § 6318(a)(1). "There are more than ten sexual offenses set forth in Chapter 31, including rape, statutory sexual assault, **IDSI**, sexual assault, aggravated indecent assault, indecent assault, and **indecent exposure**." ***Commonwealth v. Aikens***, 168 A.3d 137, 139 n.4 (Pa. 2017) (emphasis added).

Here, regarding the charge of unlawful contact with a minor, the criminal information provided as follows: "[Appellant] intentionally contacted with a minor namely, [the victim], age 8 for the purpose of engaging in the activity of attempted unlawful sexual contact with a child in violation of Section 6318(1) of the Pennsylvania Crimes Code." Criminal Information, 12/3/13, at 1 (unpaginated).

Appellant asserts that "attempted unlawful sexual contact" is not one of the defined enumerated offenses in Chapter 31 of the Crimes Code. Appellant's Brief at 19. He claims the Commonwealth's failure to specify a particular enumerated offense was in violation of his rights under the Sixth Amendment of the United States Constitution, and Article I, Section 9 of the Pennsylvania Constitution. ***Id.*** at 19, 20-21. These constitutional provisions

require that the accused be provided with sufficient notice to prepare a defense.

Appellant is not entitled to relief. The purpose of a criminal information is to provide the accused with notice to prepare a defense, and to ensure that he will not be tried twice for the same act. *Commonwealth v. Ohle*, 470 A.2d 61, 73 (Pa. 1983); *Commonwealth v. Diaz*, 383 A.2d 852 (Pa. 1978). A criminal information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. *Commonwealth v. Bell*, 516 A.2d 1172 (Pa. 1986); *Ohle*, *supra*. This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611 (1882).

The Commonwealth's criminal information tracked the language of 18 Pa.C.S.A. § 6318(a), and thus, sufficiently apprised Appellant of all necessary elements of the crime of unlawful contact with a minor. The criminal information charged Appellant with unlawful contact with a minor for the purpose of engaging in sexual activity and with the intent to commit one of the enumerated offenses in Chapter 31 of the Crimes Code. The criminal information further charged Appellant with several of the offenses enumerated

in Chapter 31 of the Crimes Code, namely, attempted IDSI and indecent exposure. It is evident when reading the charge of unlawful contact with a minor, in conjunction with the criminal information as a whole, that the criminal information alleged the specific offense underlying the unlawful contact with a minor charge.

Based upon the detail of the criminal information, Appellant suffered no surprise or prejudice with regard to his ability to prepare a defense, and he was sufficiently protected from being placed in jeopardy in the future for criminal acts performed during the same set of events. Therefore, we discern no defect in the Commonwealth's criminal information. Accordingly, trial counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Sims*, 919 A.2d 931, 939 (Pa. 2007) ("Counsel will not be found ineffective for failing to raise a meritless claim.").

Next, Appellant asserts that trial counsel was ineffective for failing to object to the trial court's jury instruction on the offense of unlawful contact with a minor. Appellant argues that the trial court only required the jury to find that he contacted the victim for the purpose of "engaging in an unlawful act[,] [t]hat is, unlawful sexual contact," and did not define what specific Chapter 31 offense(s) Appellant intended to commit when he contacted the victim. Appellant's Brief at 26-27. Appellant argues that the instruction was insufficient because the Commonwealth charged him with multiple sexual offenses committed against the victim, and he contends that the jury could have been confused or misled regarding his intended purpose for the contact

(*i.e.* the jury could have concluded that corruption of minors, rather than IDSI, was his intended purpose). Appellant's Reply Brief at 8.[7] Appellant asserts that he was prejudiced by trial counsel's failure to object to a clearly erroneous jury instruction.

When examining the propriety of a trial court's jury instructions, "the key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." ***Commonwealth v. Sneeringer***, 668 A.2d 1167, 1171 (Pa. Super. 1995), ***appeal denied***, 680 A.2d 1161 (Pa. 1996). It is well-settled that:

> [a] jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions.

***Commonwealth v. Thomas***, 904 A.2d 964, 970 (Pa. Super. 2006) (internal citations and quotation marks omitted).

---

[7] We note that Appellant waited until his reply brief to specify why the trial court's jury instruction may have confused or mislead the jury. We caution that a reply brief is not a vehicle to argue issues raised but inadequately developed in the appellant's original brief. Pa.R.A.P. 2113(a) ("[T]he appellant may file a brief **in reply to matters raised by appellee's brief** and not previously addressed in appellant's brief. If the appellee has cross appealed, the appellee may file a similarly limited brief." (emphasis added)); Pa.R.A.P. 2113 cmt. ("The scope of the reply brief is limited ... in that such brief **may only address matters raised by appellee**. . . ." (emphasis added)); ***see also Commonwealth v. Belak***, 825 A.2d 1252, 1256 n.10 (Pa. 2003).

Here, the trial court instructed the jury in relevant part as follows:

A person commits [IDSI] if he has deviate sexual intercourse with another person.

In order to find [Appellant] guilty of this, you must find that the following elements have been proven beyond a reasonable doubt. First, that [Appellant] had deviate sexual intercourse with the victim. Second, that the victim was less than 13 years of age. Deviate sexual intercourse is intercourse by mouth or anus between two people. Thus, it is deviate sexual intercourse if a man uses his penis to have sexual intercourse with the mouth of the victim.

In order to find [Appellant] guilty of attempted [IDSI], you must be satisfied that the following elements have been proven beyond a reasonable doubt. First, that [Appellant] did a certain act. Second, that [Appellant] did the act with the intent to commit the crime of [IDSI]. And third, that the act constituted a substantial step toward the commission of that crime.

A person intends to commit the crime of [IDSI] and cannot be guilty of attempt to commit the crime unless he has a firm intent to commit that crime. A person cannot be guilty of an attempt to commit a crime unless he does an act which constitutes a substantial step toward the commission of the crime.

An act is a substantial step if it is a major step towards the commission of the crime and also strongly corroborates the jury's belief that the person at the time he did the act had a firm intent to commit the crime. An act can be a substantial step even though other steps would have to have been taken before the crime could be carried out.

For [IDSI], you will note that consent is not an element of the crime. A child under the age of 13 is legally incapable of consenting to the alleged act. It does not matter if the victim did not resist or even consented to the act.

[Appellant] is charged with one count of unlawful contact with a minor. In order to find [Appellant] guilty of this charge, you must be satisfied that the following elements have been proven beyond a reasonable doubt. First, that [Appellant] was intentionally in contact with a minor. And second, that the contact was for the purpose of engaging in an unlawful act. That is,

unlawful sexual contact.  And third, that either [Appellant] or the person being contacted is within the Commonwealth.

Contact is either a direct or indirect contact or communication by any means.  A minor is an individual under the age of 18.

N.T., 9/2/14, at 108-111.

The PCRA court determined:

[The trial court] did not err in its unlawful contact instruction.  The instruction was a complete, clear and accurate statement of the law and its wording tracked the definition of the crime continued in 18 Pa.C.S.A. § 6318.  [Appellant's] argument regarding the use of the words "unlawful sexual contact" as opposed to naming a specific offense is meritless.  Having just extensively explained the crimes of [IDSI] and [c]riminal [a]ttempt, the jury was well-versed in what constituted unlawful sexual contact and so there was no ambiguity as to the elements of the crime.  Again, because the instruction was complete, clear and accurate, there was no basis for an objection to it and so counsel was not ineffective for failing to make one.  This claim must also fail.

PCRA Court Opinion, 1/12/18, at 8-9.  We agree.

When examining the charge as a whole, we conclude that the trial court adequately instructed the jury on each element of unlawful contact with a minor.  The jury was required to find, beyond a reasonable doubt, that 1) Appellant intentionally contacted the minor, 2) for the purpose of engaging in unlawful sexual contact, 3) while one of the parties was within the Commonwealth.  N.T., 9/2/14, at 110-111.  Appellant's argument requires us to read the trial court's instruction in isolation from the detailed description of attempted IDSI that immediately preceded it.  ***See id.*** at 108-110. Appellant's overly narrow interpretation of the instruction is inappropriate and

- 10 -

would lead to an absurd result when the jury was also properly instructed on the offense underlying the crime of unlawful contact with a minor (attempted IDSI). Because the jury charge was not erroneous, Appellant's claim lacks arguable merit and thus trial counsel was not ineffective for failing to object.[8] Accordingly, Appellant is not entitled to relief.

In his third and final issue, Appellant challenges the legality of his sentence relative to the grading of the unlawful contact with a minor offense. We begin by noting that a challenge to the legality of a sentence cannot be waived and is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vii). *Commonwealth v. Jones*, 932 A.2d 179, 182-83 (Pa. Super. 2007) (jurisdictional limitations may render a claim incapable of review, but a challenge to the legality of sentence cannot be waived). The proper grading of an offense is a challenge to the legality of a sentence. *See Weimer*, 167 A.3d 78, 83 n.6 (Pa. Super. 2017).

Issues relating to a legality of sentence claim are questions of law and, as such, our standard of review is *de novo* and our scope of review is plenary.

---

[8] We add that Appellant's claim would also fail due to his inability to demonstrate that he suffered actual prejudice through counsel's failure to object. *See Spotz*, 84 A.3d at 320-321. While Appellant cryptically asserts that "objecting to the instruction and moving for a new trial offered a potential for success substantially greater than the course actually pursued[,]" he does not address the jury's finding that he acted with the firm intent to commit the crime of IDSI (*i.e.* his conviction of attempted IDSI required the jury to find that Appellant acted with the purpose of engaging in unlawful sexual contact). Appellant's Brief at 28; *see* N.T., 9/2/14, 108-110.

*Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Appellant argues that his conviction for unlawful contact with a minor was graded improperly as a first-degree felony because, due to the ambiguity in the jury instruction and criminal information, the trial court at sentencing was required to guess which of the enumerated Chapter 31 offenses Appellant intended to commit when he contacted the victim. Appellant's Brief at 40-41.

The grading of unlawful contact with a minor is determined as follows:

**(b) Grading. –** A violation of subsection (a) is:

(1) an offense of the same grade and degree as **the most serious underlying offense** in subsection (a) for which the defendant contacted the minor; or

(2) a felony of the third degree;

whichever is greater.

18 Pa.C.S.A. § 6318(b) (emphasis added). "Accordingly, if a defendant unlawfully contacts a minor for purposes of engaging in IDSI, then the unlawful contact with a minor crime is graded as a first-degree felony." *Aikens*, 168 A.3d at 139.

Here, the trial court charged the jury, and the jury convicted Appellant of attempted IDSI, which is an enumerated offense listed under Section 6318. It is undisputed that attempted IDSI, a first-degree felony, is the "most serious underlying offense" for which Appellant was convicted. Therefore, the trial court properly graded Appellant's unlawful contact with a minor conviction

as a first-degree felony. ***See Aikens, supra.*** As a result, Appellant's final issue fails and we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2018